UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARY JANE STRIPLING,

       Plaintiff,

  v.

MANIFOLD SERVICES INC.,
d/b/a Edward Rose & Sons

       Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

Plaintiff Mary Jane Stripling alleges the following for her complaint against Manifold Services Inc., doing business as Edward Rose & Sons.

### NATURE OF THE CASE

1. This is an employment case that arises under the Family and Medical Leave Act.

2. Plaintiff Mary Jane Stripling worked for Defendant where she sought intermittent FMLA leave to care for her child who was (and is) suffering from a serious health condition.

3. Defendant approved Stripling for intermittent FMLA leave.

4. But when Stripling used her intermittent FMLA leave and took a trip with her child, Defendant (mistakenly) surmised that this must have been a fraudulent use of FMLA leave.  It was not.

5. Stripling's use of FMLA leave and the trip she took with her child were consistent with the medical treatment and plan of care for her child.  Stripling informed Defendant of that fact, but the company refused to consider the reality that some serious health conditions do not require the patient to continuously lie in bed and hope their condition will improve.

6. Defendant terminated Stripling for what it erroneously considered "FMLA fraud," and which was directly related to and in retaliation for Stripling's use of FMLA leave and then also interfered with her ability to take FMLA leave.

7. Because of Defendant's violation of the FMLA, Stripling has suffered damages that include, but are not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Mary Jane Stripling is an individual person who resides in Kalamazoo County, Michigan.

9. Defendant Manifold Services Inc. is a corporation organized under the laws of the State of Michigan that maintains an office in Kalamazoo, Michigan and does business under the name "Edward Rose & Sons."  Defendant employed more than 50 employees and is otherwise considered an employer within the meaning of the FMLA at all times relevant to the complaint.

10. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

11. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FMLA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.  The FMLA also independently provides for subject matter jurisdiction in the United States courts. 29 U.S.C. § 2617(a)(2).

12. Venue is appropriate in this judicial district in accordance with Title 28 of the

United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

13. Plaintiff Mary Jane Stripling worked for Defendant as an accounting specialist.

14. Stripling was eligible for leave under the FMLA in 2022 and at all times relevant to the complaint.

15. In March 2022, Stripling provided Defendant with notice of her need for intermittent FMLA leave to care for her child.

16. Defendant approved Stripling for intermittent FMLA leave.

17. After Defendant approved Stripling for intermittent FMLA leave, Stripling informed Defendant of her need for FMLA leave and she took intermittent FMLA leave on several occasions in 2022.

18. In June 2022, Stripling took intermittent FMLA leave and went on a trip with her child. The trip was consistent with the medical treatment and plan of care for her child.

19. Defendant, however, erroneously accused Stripling of "FMLA fraud" in relation to the trip she took with her child and while out on FMLA leave.

20. Stripling's use of FMLA leave was consistent with her need for leave and she informed Defendant of that fact.

21. Even so, Defendant persisted with its misapprehension as to the nature of Stripling's FMLA leave and fired her because she had taken FMLA leave (and taken a trip with her child while out on FMLA leave).

## COUNT 1

### INTERFERENCE WITH RIGHTS GUARANTEED BY THE FAMILY AND MEDICAL LEAVE ACT

22. Stripling repeats and incorporates all the previous allegations in her complaint.

23. Stripling was eligible for and entitled to intermittent leave under the FMLA.

24. Stripling took intermittent FMLA leave.

25. Defendant prevented Stripling from taking leave guaranteed by the FMLA and restrained and interfered with Stripling's rights under the FMLA.

26. Defendant terminated Stripling's employment and the termination of Stripling's employment was directly related to Defendant's erroneous failure to designate and characterize Stripling's intermittent leave as FMLA-qualifying leave.

27. Stripling suffered damages because of Defendant's interference with her rights guaranteed by the FMLA that include, but are not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## COUNT 2
### RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

28. Stripling repeats and incorporates all the previous allegations in her complaint.

29. Stripling was eligible for and entitled to intermittent leave under the FMLA.

30. Stripling engaged in activity protected by the FMLA by, among other things, requesting and taking leave protected by the statute.

31. Defendant knew about Stripling's protected activity.

32. Defendant terminated Stripling's employment after it learned of Stripling's protected activity.

33. There was a causal connection between Stripling's FMLA protected activity and Defendant's decision to terminate her employment.

34. Stripling suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## JURY DEMAND

35. Stripling demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

36. Plaintiff Mary Jane Stripling requests that the Court enter a judgment in her favor and against Manifold Services Inc. in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, liquidated damages, attorney's fees, litigation costs, and interest.

37. Stripling also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

MARY JANE STRIPLING

Dated:  October 11, 2022

By: /s/ Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com